Paul H. Galligan (PG-3083)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
SANDY B. GOICOCHEA,                         :
                                            :
            Plaintiff,                      :
                                            :   Civil Action No. 13-cv-08154 (DAB)
    -against-                               :
                                            :   **DEFENDANT'S ANSWER TO**
THE PRIVATE LABEL COMPANY, LLC,             :   **PLAINTIFF'S COMPLAINT AND**
                                            :   **AFFIRMATIVE AND OTHER**
            Defendant.                      :   **DEFENSES**
                                            :
                                            :
                                            :
-------------------------------------------------------- X

Defendant, THE LEADING HOTELS OF THE WORLD, LTD., (incorrectly named above as THE PRIVATE LABEL COMPANY, LLC), through its attorneys, Seyfarth Shaw LLP, files this answer and other defenses to Plaintiff Sandy Goicochea's ("Plaintiff") Complaint.

## AS FOR A FIRST CAUSE OF ACTION
## GENDER DISCRIMINATION

**COMPLAINT PARAGRAPH NO. 1:**

That from the period of in or about March 2012, through about January 2013, (hereinafter at all times relevant") the Defendants [sic], through their agent, Madeline Jean-Baptiste repeatedly subjected the Plaintiff to gender discrimination in that Plaintiff was caused to feel uncomfortable about her being pregnant; fearful of and anxious about losing her job due to her pregnancy; and threatened with discharge or disciplinary action if the Plaintiff, failed to return to work after giving birth to her child.

**ANSWER TO COMPLAINT PARA. NO. 1**

Defendant denies that it or Madeline Jean-Baptiste ("Jean-Baptiste") discriminated against Plaintiff on the basis of her gender or threatened her with discharge or disciplinary action if she failed to return to work after giving birth to her child.

**COMPLAINT PARAGRAPH NO. 2:**

That when Plaintiff advised Madeline Jean-Baptiste, Defendants' [sic] Director of its Global Human Resources Department that it was impossible for her to return to work in November of 2012, due to difficulties with the birth of her child, Plaintiff was informed that she would not be paid after January 4th, 2013, unless she returned to work immediately.

**ANSWER TO COMPLAINT PARA. NO. 2**

Defendant denies the allegations in paragraph 2 of the Complaint, except admits that Jean-Baptiste is the Senior Director of Global Human Resources for the Leading Hotels of the World, Ltd ("LHW") and that she declined Plaintiff's request for Paid Time Off on January 4, 2013 because Plaintiff was not entitled to it under LHW's Paid and Unpaid Time Policy.

**COMPLAINT PARAGRAPH NO. 3:**

These actions of Madeline Jean-Baptiste resulted in the Plaintiff being discharged based on her gender and a perceived disability.

**ANSWER TO COMPLAINT PARA. NO. 3**

Defendant denies the allegations in paragraph 3 of the Complaint.

**COMPLAINT PARAGRAPH NO. 4:**

That the Plaintiff did verbally complain about the gender discrimination and the perceived disability she was being subjected to by Madeline Jean-Baptiste, however, Madeline Jean-Baptiste ignored the Plaintiff's complaints and continued to subject the Plaintiff to these discriminations until the Plaintiff's discharge.

**ANSWER TO COMPLAINT PARA. NO. 4**

Defendant denies the allegations in paragraph 4 of the Complaint.

**COMPLAINT PARAGRAPH NO. 5:**

That the Plaintiff also repeatedly informed Madeline Jean-Baptiste that she could not return to work during her maternity and vacation time due to a complicated birth, but Madeline Jean-Baptiste continued to subject her to gender and disability discrimination in that Madeline Jean-Baptiste continuously.

**ANSWER TO COMPLAINT PARA. NO. 5**

Defendant denies the allegations in paragraph 5 of the Complaint.

**COMPLAINT PARAGRAPH NO. 6:**

That the Plaintiff came to realize that the discrimination would not end and that she would likely not receive protection from the discrimination she was constantly being subjected to by Madeline Jean-Baptiste.

**ANSWER TO COMPLAINT PARA. NO. 6**

Defendant denies that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

**COMPLAINT PARAGRAPH NO. 7:**

That shortly after her return to work from her leave of absence in November of 2013, the Plaintiff was discharged by the Defendants [sic] under the guise of business downsizing and fiscal restraints even though the location where the Plaintiff was assigned was not shut down and Madeline Jean-Baptiste remained employed.

**ANSWER TO COMPLAINT PARA. NO. 7**

Defendant denies the allegations in paragraph 7 of the Complaint, except admits that Jean-Baptiste is the Senior Director of Global Human Resources for LHW and that Plaintiff's employment was terminated on or about April 1, 2013.

**COMPLAINT PARAGRAPH NO. 8:**

That the Plaintiff was caused to feel anxious, uncomfortable, nervous, and afraid to come to work upon her return back to work.  Moreover, the Plaintiff was caused to feel anxious, nervous, afraid and uncomfortable at her place of employment.

**ANSWER TO COMPLAINT PARA. NO. 8**

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

**COMPLAINT PARAGRAPH NO. 9:**

That had Defendants [sic] protected the Plaintiff from the gender discrimination and perceived disability discrimination and hostile work environment she was subjected to by Madeline Jean-Baptiste the Plaintiff would not have been caused to feel anxious, uncomfortable and nervous at her place of employment.

**ANSWER TO COMPLAINT PARA. NO. 9**

Defendant denies that it or Jean-Baptiste discriminated against Plaintiff. Defendant further denies that it or Jean-Baptiste created a hostile work environment. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

**COMPLAINT PARAGRAPH NO. 10:**

That the Plaintiff apprised the Defendants upon her discharge of her being subjected to gender and perceived disability discrimination and hostile work environment but, to no avail.

**ANSWER TO COMPLAINT PARA. NO. 10**

Defendant denies the allegations in paragraph 10 of the Complaint.

**COMPLAINT PARAGRAPH NO. 11:**

That after waiting a few months after her unlawful discharge in or about January of 2013, Plaintiff filed a complaint of discrimination with NYS Division of Human Rights and the US EEOC in or about early March of 2013, and received a right to sue on September 9th, 2013.

**ANSWER TO COMPLAINT PARA. NO. 11**

Defendant admits that it received a complaint that Plaintiff filed with the New York State Division of Human Rights and a charge of discrimination that Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") on or about March, 2013. Defendant further admits that on or about September, 2013 the EEOC issued a "Dismissal and

4

Notice of Rights." Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

**COMPLAINT PARAGRAPH NO. 12:**

That Plaintiff was discharged by Defendants [sic] without good cause and based on her gender, a female, and a perceived disability, which occurred as a result of the Plaintiff having a difficult delivery.

**ANSWER TO COMPLAINT PARA. NO. 12**

Defendant denies the allegations in paragraph 12 of the Complaint, except admits that Plaintiff's employment was terminated on or about April 1, 2013.

**COMPLAINT PARAGRAPH NO. 13:**

That Plaintiff was told that her discharge was due to the business downsizing and fiscal restraints.  However, Plaintiff was never told that she was going to be let go do to the business downsizing until the day of her discharge.

**ANSWER TO COMPLAINT PARA. NO. 13**

Defendant denies the allegations in paragraph 13 of the Complaint, except admits that Plaintiff's employment was terminated on or about April 1, 2013.

**COMPLAINT PARAGRAPH NO. 14:**

That Plaintiff requested reinstatement to her position of sales coordinator in her state and federal complaints, but her requests were ignored and in effect denied on every occasion without good cause and due to discrimination and retaliation.

**ANSWER TO COMPLAINT PARA. NO. 14**

Defendant denies the allegations in paragraph 14 of the Complaint, except admits that it received a complaint that Plaintiff filed with the New York State Division of Human Rights and a charge of discrimination that Plaintiff filed with the EEOC on or about March, 2013.

**COMPLAINT PARAGRAPH NO. 15:**

That such actions of Defendants and their agent violate NY Human Rights Law Exec. Law §§ 290 to 297 and NYC Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 and 42 USC §§ 2000e and 12112-12117.

**ANSWER TO COMPLAINT PARA. NO. 15**

Defendant denies the allegations in paragraph 15 of the Complaint.

**COMPLAINT PARAGRAPH NO. 16:**

That Plaintiff resides in the City of Ossining and State of New York.

**ANSWER TO COMPLAINT PARA. NO. 16**

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

**COMPLAINT PARAGRAPH NO. 17:**

That at all times relevant, the Defendants, The Private Label Company, LLC were or are a corporation or entity licensed in and doing business in the City and State of New York.

**ANSWER TO COMPLAINT PARA. NO. 17**

Defendant admits that The Leading Hotels of the World, Ltd. (incorrectly named above as The Private Label Company, LLC) is a corporation doing business in New York. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

**COMPLAINT PARAGRAPH NO. 18:**

That at all times relevant, Defendants' [sic] agent Madeline Jean-Baptiste, was employed in Defendants' [sic] Global Human Resources Department NYC Manhattan office.

**ANSWER TO COMPLAINT PARA. NO. 18**

Defendant admits that Jean-Baptiste has held the position of Senior Director of Global Human Resources for LHW since September, 2012. Defendant denies the remaining allegations in paragraph 18 of the Complaint.

**COMPLAINT PARAGRAPH NO. 19:**

That Defendants [sic] knew or should have known that the Plaintiff should have been protected from gender and perceived disability discrimination, but failed to protect her in violation of 42 USC § 2000-e and 12112-12117.

**ANSWER TO COMPLAINT PARA. NO. 19**

Defendant denies that it discriminated against Plaintiff or "failed to protect her in violation of 42 USC § 2000-e and 12112-12117," except admits that it maintains policies which prohibit discrimination and harassment on the basis of all categories protected by local, state and federal laws, including sex, gender and disability.

**COMPLAINT PARAGRAPH NO. 20:**

That Plaintiff complained to Madeline Jean-Baptiste about the gender and perceived disability discrimination and hostile work environment she was subjecting the Plaintiff in an effort to end this inappropriate behavior and to improve the workings [sic] conditions at her place of employment, but to no avail.

**ANSWER TO COMPLAINT PARA. NO. 20**

Defendant denies that it or Jean-Baptiste discriminated against Plaintiff or that Plaintiff complained to Defendant of discrimination. Defendant further denies that it or Jean-Baptiste created a hostile work environment.

**COMPLAINT PARAGRAPH NO. 21:**

That as a result of the Defendants' [sic] continuous ignorance regarding the gender and perceived disability discrimination to which the Plaintiff was being subjected the Plaintiff found it difficult to focus and became afraid and disheartened about coming to work and interacting with the Defendants' [sic] agent Madeline Jean-Baptiste.

**ANSWER TO COMPLAINT PARA. NO. 21**

Defendant denies that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint

**COMPLAINT PARAGRAPH NO. 22:**

That the Defendants [sic] failed to adhere to their own practice and operating procedures law in that it failed to protect the Plaintiff from gender and perceived disability discrimination and a hostile work environment in her work place.

**ANSWER TO COMPLAINT PARA. NO. 22**

Defendant denies the allegations in paragraph 22 of the Complaint.

**COMPLAINT PARAGRAPH NO. 23:**

That Plaintiff has been unemployed for almost one year since her unlawful discharge which has resulted in her experiencing serious economic harm and severe emotional distress and damage which may be permanent in nature.

**ANSWER TO COMPLAINT PARA. NO. 23**

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

**COMPLAINT PARAGRAPH NO. 24:**

That by the reason of the foregoing and the negligence of the Defendants [sic] with regard to the hiring and retention of Madeline Jean-Baptiste and other employees of their Human Resources Department the Plaintiff suffered and will more likely continue to suffer serious emotional and economic harm and damage.

**ANSWER TO COMPLAINT PARA. NO. 24**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint.

**COMPLAINT PARAGRAPH NO. 25:**

That by reason of the foregoing the Plaintiff did suffer and will more likely continue to suffer serious financial and emotional harm and damage due to no fault of the Plaintiff.

**ANSWER TO COMPLAINT PARA. NO. 25**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint

**COMPLAINT PARAGRAPH NO. 26:**

That the Plaintiff was discharged by the Defendants [sic], without good cause and the reason given by the Defendants [sic] for the Plaintiff's discharge was pretextual.

**ANSWER TO COMPLAINT PARA. NO. 26**

Defendant denies the allegations in paragraph 26 of the complaint, except admits that Plaintiff's employment was terminated on or about April 1, 2013.

### AS FOR THE SECOND CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT

**COMPLAINT PARAGRAPH NO. 27:**

Plaintiff repeats and realleges all of the allegations set forth in paragraphs one through twenty-six realleges each and every allegation set forth above as though more fully set forth herein.

**ANSWER TO COMPLAINT PARA. NO. 27**

Defendant reasserts its responses to paragraphs 1 through 26 of the Complaint as if set forth fully herein.

**COMPLAINT PARAGRAPH NO. 28:**

That at all times relevant, the Plaintiff was consistently subjected to a hostile work environment in violation of 42 U.S.C. §§ 2000e to 2000e-17; NYC Administrative Code §§ 8-101(1), 107 New York State Human Rights Law, N.Y. Exec. Law §§ 290 to;[sic] 297 by Defendants [sic] while lawfully present and performing work relative to her employment and within the scope of her employment for Defendants [sic], The Private Label Company, LLC, in that the Plaintiff, was consistently subjected to intolerable working conditions by Madeline Jean-Baptiste in that Plaintiff was caused to feel anxious and fearful of losing her job; was told that she would lose her job if she failed to return to work while on maternity leave and an extended vacation; and was caused to feel uncomfortable, anxious and afraid at her place of employment.

**ANSWER TO COMPLAINT PARA. NO. 28**

Defendant denies that it or Jean-Baptiste discriminated against Plaintiff, created a hostile work environment or "subjected her [Plaintiff] to intolerable working conditions."  Defendant further denies that it told Plaintiff "that she would lose her job if she failed to return to work while on maternity leave and an extended vacation."  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

9

## AS FOR A THIRD CAUSE OF ACTION
## AMERICANS WITH DISABILITIES DISCRIMINATION

**COMPLAINT PARAGRAPH NO. 29:**

Plaintiff repeats and realleges all of the allegations set forth in paragraphs one through twenty-eight and realleges each and every allegation set forth above as though more fully set forth herein.

**ANSWER TO COMPLAINT PARA. NO. 29**

Defendant reasserts its responses to paragraphs 1 through 28 of the Complaint as if set forth fully herein.

**COMPLAINT PARAGRAPH NO. 30:**

That at all times relevant, the Plaintiff was consistently subjected to Americans with Disabilities' discrimination in violation of 42 USC § 121112-121117 by Defendants' [sic] agent, Madeline Jean-Baptist while lawfully present and performing work relative to her employment as a sales coordinator in that the Plaintiff was repeatedly advised that she would be discharged unless she returned to work from her maternity leave even after Plaintiff advised that she had a difficult delivery and received an extended vacation due to the difficult pregnancy.

**ANSWER TO COMPLAINT PARA. NO. 30**

Defendant denies the allegations in paragraph 30 of the Complaint.

**COMPLAINT PARAGRAPH NO. 31:**

That Madeline Jean-Baptiste suggested that the Plaintiff's position was in jeopardy unless she returned to work immediately in spite of any illness she had due to her difficult delivery. However, Madeline Jean-Baptiste never mentioned that Defendants [sic] were in the process of downsizing or that the Plaintiff's position was being phased out and the Plaintiff would lose her job due to the downsizing.

**ANSWER TO COMPLAINT PARA. NO. 31**

Defendant denies the allegations in paragraph 31 of the Complaint.

**COMPLAINT PARAGRAPH NO. 32:**

That as a result of the foregoing and the negligence of the Defendants [sic] and their agent and employees, the Plaintiff was unlawfully discharged from her employ, denied protection from a perceived disability and gender discrimination in her work place and has been unable to find another job with comparable income for nearly one year after her discharge.

**ANSWER TO COMPLAINT PARA. NO. 32**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff, "unlawfully discharged" her from employment, or "denied [Plaintiff] protection from a perceived disability." Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.

**COMPLAINT PARAGRAPH NO. 33:**

That Plaintiff has also suffered serious emotional and economic loss and inconvenience all to Plaintiff's great detriment and to no fault of the Plaintiff.

**ANSWER TO COMPLAINT PARA. NO. 33**

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

**COMPLAINT PARAGRAPH NO. 34:**

That by reason of the foregoing, Plaintiff is entitled to recover damages for all non-economic and all economic loss sustained.

**ANSWER TO COMPLAINT PARA. NO. 34**

Defendant denies the allegations in paragraph 34 of the Complaint.

**COMPLAINT PARAGRAPH NO. 35:**

That by reason of the foregoing and the negligence of the Defendants [sic] and their agent and employees, Plaintiff has sustained serious emotional injuries and damages in an amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

**ANSWER TO COMPLAINT PARA. NO. 35**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint

11

**COMPLAINT PARAGRAPH NO. 36:**

That at all times relevant, it was the duty of the Defendants [sic] to initiate and enforce rules, and training that prohibits inappropriate activities and behaviours [sic] by its servants, agents, employees and/or personnel of a facility open to the general public in the course and within the scope of employment for said Defendants [sic] that would protect the Plaintiff from being subjected to discrimination based on a perceived disability, gender discrimination and a hostile work environment in her work place without good cause.

**ANSWER TO COMPLAINT PARA. NO. 36**

Defendant admits that it maintains policies which prohibit discrimination and harassment on the basis of all categories protected by local, state and federal laws, including sex, gender and disability. Defendant denies the remaining allegations in paragraph 36 of the Complaint.

**COMPLAINT PARAGRAPH NO. 37:**

That at all times relevant, it was the duty of the Defendants [sic], to select and screen for hiring and for retention as employees of a [sic] an entity open to the public those who are fit, suitable, properly trained and instructed, and do not constitute a potential menace, hazard or danger to the public or fellow employees and those with unsuitable propensities as well as those with emotional, physical, psychological and/or psychological traits or characteristics or unsuitable or contradicted for such employment in an effort to protect the Plaintiff from being subjected to gender and disability discrimination and harassment; a hostile work environment and retaliation at her place of employment and later prospective place of employment.

**ANSWER TO COMPLAINT PARA. NO. 37**

Defendant admits that it maintains policies which prohibit discrimination and harassment on the basis of all categories protected by local, state and federal laws, including sex, gender and disability, and retaliation for reporting same. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

**COMPLAINT PARAGRAPH NO. 38:**

That by reason of the negligence of the said Defendants [sic], in the hiring, improper monitoring, supervision, and retention of Madeline Jean-Baptiste and other employees of their Human Resources Department being knowingly or expectantly unsuitable, incompetent and unfit to act and serve and unfit to continue to act and serve as employees of a facility open to and serving the public, the Plaintiff was caused to suffer emotional injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing

her extreme mental, and emotional illness, anguish, and distress as well as severe emotional injuries that may be permanent in nature and duration.

**ANSWER TO COMPLAINT PARA. NO. 38**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint.

**COMPLAINT PARAGRAPH NO. 39:**

That by reason of the foregoing and the negligence of the Defendants [sic], their agents and employees, Plaintiff sustained damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

**ANSWER TO COMPLAINT PARA. NO. 39**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint

**COMPLAINT PARAGRAPH NO. 40:**

That by reason of the negligence of the said Defendants [sic] in the hiring, improper monitoring, supervision, and retention of Madeline Jean-Baptiste and other employees of their Human Resources Department with the knowledge of their being unsuitable, incompetent and unfit to act and serve and unfit to continue to act and serve as employees of a facility serving and open to the general public, the Plaintiff was caused to suffer emotional injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing her extreme mental, and emotional illness, anguish, and distress as well as severe emotional injuries that may be permanent in nature and duration.

**ANSWER TO COMPLAINT PARA. NO. 40**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

**COMPLAINT PARAGRAPH NO. 41:**

That by reason of the foregoing, Plaintiff sustained serious injuries and damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

**ANSWER TO COMPLAINT PARA. NO. 41**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint.

**COMPLAINT PARAGRAPH NO. 42:**

That as a result of the foregoing, this Plaintiff suffered severe emotional injury which may be permanent in nature.

**ANSWER TO COMPLAINT PARA. NO. 42**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the Complaint.

**COMPLAINT PARAGRAPH NO. 43:**

That by reason of the foregoing and the negligence of the Defendants [sic], Plaintiff sustained serious emotional and economic damage which may be permanent in nature.

**ANSWER TO COMPLAINT PARA. NO. 43**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

**COMPLAINT PARAGRAPH NO. 44:**

That by reason of the foregoing, Plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

**ANSWER TO COMPLAINT PARA. NO. 44**

Defendant denies the allegations of paragraph 44 of the Complaint.

**COMPLAINT PARAGRAPH NO. 45:**

That Plaintiff was denied continued employment even though she was victimized in her work place and made attempts to resolve this matter in-house prior to filing her claim with the NYC Human Rights Commission and the USEEOC in or about March of 2013.

**ANSWER TO COMPLAINT PARA. NO. 45**

Defendant denies the allegations of paragraph 45 of the Complaint.

**COMPLAINT PARAGRAPH NO. 46:**

That by the reason of the foregoing, and the negligence of the Defendants [sic], the Plaintiff suffered and will likely continue to suffer serious emotional and economic damage.

**ANSWER TO COMPLAINT PARA. NO. 46**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint.

**COMPLAINT PARAGRAPH NO. 47:**

That by reason of the foregoing, Plaintiff is entitled to recover damages for all non-economic and all economic loss sustained.

**ANSWER TO COMPLAINT PARA. NO. 47**

Defendant denies the allegations of paragraph 47 of the Complaint.

**COMPLAINT PARAGRAPH NO. 48:**

That at all times relevant, it was the duty of the Defendants [sic] to initiate rules, and training that prohibited the inappropriate activities and behaviours [sic] by its servants, agents, employees and/or personnel of a facility serving and open to the general public in the course and within the scope of employment for said Defendants that would protect the Plaintiff from being subjected to gender and a perceived disability discrimination and hostile work environment in her work place.

**ANSWER TO COMPLAINT PARA. NO. 48**

Defendant admits that it maintains policies which prohibit discrimination and harassment on the basis of all categories protected by local, state and federal laws, including sex, gender and disability. Defendant denies the remaining allegations in paragraph 48 of the Complaint.

**COMPLAINT PARAGRAPH NO. 49:**

That by reason of the foregoing and the negligence of the Defendants, their agents and employees, Plaintiff sustained damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

**ANSWER TO COMPLAINT PARA. NO. 49**

Defendant denies any negligence or that it or Jean-Baptiste discriminated against Plaintiff.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint

**COMPLAINT PARAGRAPH NO. 50:**

That the acts of the Defendants [sic] have been so outrageous punitive damages are due up to and including attorneys' fees and costs.

**ANSWER TO COMPLAINT PARA. NO. 50**

Defendant denies the allegations in paragraph 50 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are not actionable because all actions challenged in the Complaint were based on legitimate, non-discriminatory reasons.

### THIRD DEFENSE

Defendant cannot be held liable for any alleged discrimination purportedly experienced by Plaintiff, because it exercised reasonable care to prevent and promptly correct alleged discrimination or harassment in the workplace, and Plaintiff unreasonably failed to promptly take advantage of the preventative and corrective opportunities provided or to avoid harm otherwise.

### FOURTH DEFENSE

Plaintiff is not entitled to liquidated or punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference, nor can she impute liability for punitive damages to Defendant, because of its good faith efforts to comply with applicable laws prohibiting discrimination.

### FIFTH DEFENSE

Subject to proof through discovery, Plaintiff has failed to mitigate whatever damages she may have suffered.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Defendant, in all manners, acted in accordance with any and all duties and obligations under Federal, State and Local laws and regulations.

## EIGHTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiff are barred in whole or in part by the doctrine of after-acquired evidence or the doctrine of unclean hands.

## NINTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiff are barred in whole or in part by the doctrine of waiver.

## TENTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiff are barred in whole or in part by the doctrine of estoppel.

## ELEVENTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted by Plaintiff are barred by the doctrine of laches.

## TWELFTH DEFENSE

Any claims for compensatory and/or punitive damages are barred or limited, in whole or in part, by the United States Constitution, the New York Constitution, the New York General Statues and/or other governing statues and legal precedent.

## THIRTEENTH DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, whatever damages she may have suffered.

WHEREFORE, Defendant demands judgment in its favor:

(a)	denying Plaintiff is entitled to the relief for which she prays or to any other relief;

(b)	dismissing the Complaint against Defendant on the merits with prejudice and in its entirety;

(c)	awarding Defendant its costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(d)	granting Defendant such other and further relief as the Court may deem just and proper.

Dated: February 27, 2014	Respectfully submitted,

SEYFARTH SHAW LLP


By: s/ Paul H. Galligan
Paul H. Galligan (PG-3083)
pgalligan@seyfarth.com
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendant
THE LEADING HOTELS OF THE WORLD, LTD.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2014, a copy of the foregoing Defendant's Answer To Plaintiff's Complaint and Affirmative and Other Defenses was electronically filed through the Court's CM/ECF system, which sent a notification of such filing to the following:

>Antoinette M. Wooten, Esq.
>Furman Law Firm
>116 West 23rd Street, Ste. 500
>New York, NY 10011
>(212) 242-8507
>Email: toinwt@aol.com

                              s/ Paul H. Galligan
                              Paul H. Galligan